United States District Court
Middle District of Florida
Jacksonville Division

**TINUBU SQUARE AMERICAS INC.,**

    *Plaintiff,*

v.                                                      No. 3:20-cv-880-J-39PDB

**IGUARANTEE, LLC, ETC.,**

    *Defendants.*

---

# Order

The parties (except Michael Staehling) and non-parties Palmetto Surety Corporation and The Agency Network, LLC, ask the Court to seal information pertaining to the motion for a preliminary injunction and the response to the motion. Docs. 89, 101, 102, 108, 109, 111. The plaintiff also asks the Court to return as unnecessary to a decision exhibit 10 to the motion, which redacts salary information. Doc. 108 at 1 n.1.

The law on sealing is in the order entered on November 10, 2020, and the order entered on November 19, 2020. Docs. 95, 104.

The Court grants the requests for sealing to the extent the clerk is directed to maintain the following information under seal: Docs. S-98 (unredacted motion), S-98-1 (Ex. 1 to motion), S-98-2 (Ex. 2 to motion), S-98-3 (Ex. 3 to motion), S-98-4 (Ex. 4 to motion), S-98-5 (Ex. 5 to motion), S-98-6 (Ex. 6 to motion), S-98-7 (Ex. 7 to motion), S-98-8 (Ex. 8 to motion), S-98-9 (Ex. 9 to motion), S-98-10 (Ex. 10 to motion), S-98-14 (Ex. 14 to motion), S-98-15 (Ex. 15 to motion), S-103 (unredacted response), S-103-2 (Ex. 2 to response), S-103-3 (Ex. 3 to response), S-103-4 (Ex. 4 to response), S-103-5 (Ex. 5 to response), S-103-10 (Ex. 10 to response), S-103-11 (Ex. 11 to response), S-

103-12 (Ex. 12 to response), S-103-13 (Ex. 13 to response), S-103-14 (Ex. 14 to response), S-103-16 (Ex. 16 to response), S-103-17 (Ex. 17 to response).

For this information, the presumption of public access is rebutted. The information concerns pricing, salaries, trade-secret processes, or other confidential business information that could be used unfairly by competitors if publicly available. No less restrictive alternative appears available; redactions would be so extensive as to render the unredacted information meaningless. Despite provisional sealing, the Court could publicly analyze whether injunctive relief was warranted. *See* Doc. 110. The information must remain sealed until the close of the case or any appeal, whichever is later, or upon an order directing otherwise. The Court will not return exhibit 10 to the motion but will maintain the unredacted version under seal.

The Court otherwise denies the motions, Docs. 89, 101, 102. The clerk is directed to unseal the following information no earlier than January 15, 2021 (to give any interested party or non-party an opportunity to request reconsideration): Docs. S-98-16 (Ex. 16 to motion), S-103-1 (Ex. 1 to response), S-103-6 (Ex. 6 to response), S-103-7 (Ex. 7 to response), S-103-8 (Ex. 8 to response), S-103-9 (Ex. 9 to response), S-103-15 (Ex. 15 to response).

The presumption of public access is not rebutted for exhibits 7 and 8 to the response, Docs. S-103-7 and S-103-8. The information on the websites is public, and the customer sought to be protected is already named in a public document. *See* Doc. 110 at 6. No one has asked for the other information to remain under seal.

Ordered in Jacksonville, Florida, on December 28, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*